# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 06-mj-00031-GJR-01 |
| WILLIAM D. JACOBS | USM Number: 33656-013 |
| | Matthew Golla, AFPD |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Pleaded guilty to count 1 of the Information.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 111(a) | Knowingly Forcibly Assault, Resist, Oppose, Impede, intimidate and interfere with United States Forest Service | 06/26/06 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

July 7, 2006
Date of Imposition of Judgment

s/Michael J. Watanabe
Signature of Judge

Michael J. Watanabe, U.S. Magistrate Judge
Name & Title of Judge

July 21, 2006
Date

DEFENDANT:  WILLIAM D. JACOBS  
CASE NUMBER:  06-mj-00031-GJR-01                                                             Judgment-Page 2 of 5

## PROBATION

The defendant is hereby placed on unsupervised probation for a term of one (1) year.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The drug testing condition required by 18 U.S.C. § 3563(a)(5) is suspended.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

DEFENDANT:  WILLIAM D. JACOBS
CASE NUMBER:  06-mj-00031-GJR-01                                                    Judgment-Page 3 of 5

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $25.00 | $0.00 | $0.00 |
| **TOTALS** | $25.00 | $0.00 | $0.00 |

DEFENDANT:  WILLIAM D. JACOBS
CASE NUMBER:  06-mj-00031-GJR-01                                                            Judgment-Page 4 of 5

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment shall be paid by August 7, 2006.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

DEFENDANT:  WILLIAM D. JACOBS
CASE NUMBER:  06-mj-00031-GJR-01                                                Judgment-Page 5 of 5

## STATEMENT OF REASONS

**The court waives the presentence report, pursuant to Rule 32(c)(1)(A)(ii).**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory.  The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level:  5

Criminal History Category:  I

Imprisonment Range:  0 to 6 months

Supervised Release Term:  1 year

Fine Range:        $250   to   $5,000

The fine is waived because of the defendant's inability to pay.

**The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart.**

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution:  None.

The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence.  It provides information to criminal justice researchers.") No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record.  Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.